UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 15-cr-20093
                                      Hon. Matthew F. Leitman

CHRISTIAN MACGREGOR,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION (ECF No. 338)**

Defendant Christian MacGregor is a federal inmate in the custody of the Federal Bureau of Prisons. On November 17, 2020, MacGregor filed a motion for compassionate release. (*See* Mot. for Compassionate Release, ECF No. 315.) The Court thereafter appointed counsel for MacGregor (*see* Order, ECF No. 317), and counsel filed a supplemental brief on MacGregor's behalf. (*See* MacGregor Supp. Br., ECF No. 321.) In the original motion and supplemental brief, MacGregor argued that there were extraordinary and compelling circumstances warranting his compassionate release because (1) he suffers from health conditions that put him at serious risk from the COVID-19 virus and (2) he faced a meaningful risk of contracting (or re-contracting) the virus while in custody. (*See id.*)

1

The Court held a video hearing on MacGregor's motion on March 12, 2021, and it denied the motion. (*See* Order, ECF No. 335.) The Court concluded, among other things, that MacGregor had failed to show that there were extraordinary and compelling reasons justifying his release because a COVID-19 vaccine had been offered to him, and he declined to take the vaccine.

On March 26, 2021, MacGregor, no longer acting through counsel, filed a *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (*See* Mot., ECF No. 338.) MacGregor explained that he did not take the vaccine when it was offered to him because he had tested positive for COVID-19 on December 19, 2020, and some medical literature suggested that a person who was infected with COVID-19 should wait "90 days before receiving a vaccination." (*Id.*, PageID.2171-2172.) MacGregor also suggested that he continued to suffer negative effects from his COVID-19 infection. (*See id.*, PageID.2173-2174.)

MacGregor has failed to persuade the Court that it erred when it denied his motion and concluded that there were not extraordinary and compelling reasons justifying his release. First, MacGregor could have, but did not, argue during the hearing on his motion that he turned down a COVID-19 vaccine because he had previously been infected with COVID-19 and wanted to wait at least 90 days from the date of that infection before taking the vaccine. A motion for reconsideration is "not an opportunity to re-argue a case" and "to raise [new] arguments which could,

2

and should, have been made" earlier. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (affirming denial of motion for reconsideration under Federal Rule of Civil Procedure 59(e)).  Second (and much more importantly), more than 90 days has passed since MacGregor was infected with COVID-19, and thus the impediment to being vaccinated that MacGregor identified (*i.e.*, the 90-day period after his infection) is now no longer an obstacle to MacGregor receiving a vaccine.  MacGregor has not suggested that the vaccine is not available to him, and, indeed, MacGregor has told the Court that he is on a "waiting list" for the vaccine. (Mot., ECF No. 338, PageID.2172.)  The Court believes that MacGregor can now reasonably mitigate his risks from COVID-19 by taking the vaccine that has been offered to him.

For all of these reasons, MacGregor has not shown that the Court erred when it denied his motion for compassionate release, nor has he shown that extraordinary and compelling circumstances warranting his release now exist.  MacGregor's motion for reconsideration (ECF No. 338) is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 12, 2021

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2021, by electronic means and/or ordinary mail.

              <u>s/Holly A. Monda</u>
              Case Manager
              (810) 341-9764