UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D1, CHRISTIAN MACGREGOR,

    Defendant.

Case No. 15-cr-20093-1
Hon. Matthew F. Leitman

_____/

**ORDER (1) DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER RULE 35(b) (ECF No. 340); (2) DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING (ECF No. 343); AND (3) DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 345)**

In August of 2017, United States District Judge Marianne O. Battani sentenced Defendant Christian MacGregor to a term of 157 in prison for his plea-based convictions of bank robbery and other offenses. (*See* Judgment, ECF No. 282.). MacGregor is currently in the custody of the Federal Bureau of Prisons.

MacGregor has now filed a Motion to Reduce Sentence under Rule 35(b). (*See Mot.*, ECF No. 340). He has also filed a Motion for Pro Se Evidentiary Hearing (ECF No. 343) and a Motion for Appointment of Counsel (ECF No. 345). For the reasons explained below, the motions are **DENIED**.

The Court begins with MacGregor's motion under Rule 35(b) of the Federal Rules of Criminal Procedure. That rule provides that:

1

>    (1) *In General*. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
>    (2) *Later Motion*. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>    (A) information not known to the defendant until one year or more after sentencing;
>
>    (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
>    (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

MacGregor argues that he is entitled to relief under this rule because he cooperated with the Government in the investigation and prosecution of other individuals. The Court disagrees for two reasons.

First, as the text of Rule 35(b) makes clear, the only party that may make a motion under the rule is the Government. A defendant has no right to seek relief under the rule. Thus, MacGregor's motion must be denied. *See United States v. Stroh*, 48 F. App'x 991, 993 (6th Cir. 2002) ("Absent the appropriate government

2

motion, the district court lack[s] authority to consider [a defendant's] motion [under Rule 35].")[1]

Second, as the text of the rule further makes clear, a motion under the rule "permits a court to reward a defendant with a lower sentence based on the defendant's *post-sentencing* cooperation," *United States v. Recla*, 560 F.3d 539, 546 (6th Cir. 2009) (emphasis in original), and MacGregor does not clearly allege that he provided any cooperation after sentencing. For this additional reason, he is not entitled to relief under Rule 35(b).

For both of the reasons stated above and for all of the reasons set forth by the Government (*see* Response, ECF No. 352), MacGregor's Motion to Reduce Sentence Under Rule 35(b) is **DENIED**.

Because MacGregor has not shown that he has even a colorable claim for relief under Rule 35(b), the Court declines to appoint counsel for him and declines to order an evidentiary hearing. The Court therefore denies MacGregor's motions seeking that relief.

---

[1] MacGregor seems to suggest that he should be permitted to pursue relief under Rule 35(b) because the Government acted in bad faith. He cites no authority for that proposition. But even if a defendant could pursue relief under Rule 35(b) based upon a showing of bad faith, the Court would still deny MacGregor's motion. His papers do not show bad faith by the Government.

3

**Accordingly, IT IS ORDERED that:**

1. MacGregor's Motion to Reduce Sentence under Rule 35(b) (ECF No. 340) is **DENIED**.

2. MacGregor's Motion for Pro Se Evidentiary Hearing (ECF No. 343) is **DENIED**.

3. MacGregor's Motion for Appointment of Counsel (ECF No. 345) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126