UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

D1, CHRISTIAN MACGREGOR,

     Defendant.

Case No. 15-cr-20093-1
Hon. Matthew F. Leitman

_____/

**ORDER DENYING DEFENDANT'S MOTION TO REVIEW THE
GOVERNMENT'S FAILURE TO MOVE FOR A DOWNWARD
DEPARTURE UNDER U.S.S.G. 5K1.1 (ECF No. 358)**

Defendant Christian MacGregor pleaded guilty to ten counts of a twenty-six-count indictment charging him with bank robbery and other related offenses. (*See* Judgment, ECF No. 282, PageID.1830.)  In August of 2017, Judge Marianne O. Battani sentenced MacGregor to a term of 156 months in prison. (*See id.*)  Now before the Court is MacGregor's motion to review the government's failure to move for a downward departure in his sentence pursuant to Section 5K1.1. (*See* Mot., ECF No. 358.)  For the reasons stated below, the motion is **DENIED**.

**I**

In June of 2016, MacGregor entered into a Rule 11 Plea Agreement with the Government in which the Government agreed to dismiss sixteen counts of the twenty-six count indictment in exchange for his pleas of guilty to the remaining

1

charges. (*See* Plea Agreement, ECF No. 193, PageID.1151.) MacGregor also entered into a cooperation agreement with the government (the "Cooperation Agreement") stating that if he cooperated in the investigation, the Government would determine whether such cooperation amounted to substantial assistance sufficient to warrant the filing of a motion for a downward departure from his otherwise-applicable sentencing guidelines range pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("Section 5K1.1"). (*See* Cooperation Agreement, ECF No. 273-3.) The Government ultimately chose not to file a motion under Section 5K1.1. But it did ask the Court to impose a sentence of 198 months – which was nearly five years less than the top of MacGregor's guidelines range.

In MacGregor's sentencing memorandum, he challenged the Government's refusal to file a 5K1.1 motion (*see* Def. Sentencing Memo., ECF No. 251, PageID.1550-1552.) He also filed a supplemental sentencing memorandum directed to that issue (*see* Def. Supp. Sentencing Memo., ECF No. 270-1), and a "Motion to Substantial Assistance Pursuant to 18 [U.S.C.] § 3553(e) and [U.S.S.G. §] 5K1.1 and/or in the Alternative, Request for an Evidentiary Hearing." (*See* Mot., ECF No. 271-1.) In those filings, MacGregor argued that the Court had the authority to, and should, review the Government's refusal to file a motion under Section 5K1.1. (*See id.*, PageID.1686.) And he asked that the Court "sentence him to the mandatory minimum of 10-years (or 120 months) and *one (1) day*" "for the 'substantial

assistance' he provided to the government." (Mot., ECF No. 270-1, PageID.1691; emphasis in original.)

The Government responded that while it did not file a 5K1.1 motion, it recommended "almost five years under the top of the guidelines and a more than 80% reduction in" MacGregor's "sentencing exposure." (*See* Resp., ECF No. 273, PageID.1718.)   The Government explained it provided this "break" based upon MacGregor's cooperation up through the point that he entered his plea. (*Id.*, PageID.1721.)   The Government also told Judge Battani that after MacGregor entered his plea, it (the Government) attempted to continue to attempt to elicit his cooperation so that he could "get more credit," but those attempts "failed." (*Id.*, PageID.1722-1723.)  In short, the Government argued that MacGregor had received credit for his cooperation up to the time of his plea, did not cooperate further after that point, and thus was not entitled to additional credit for his cooperation through a motion under Section 5K1.1.

After considering the parties' arguments, Judge Battani sentenced MacGregor to a term of 156 months in prison. (*See* Judgment, ECF No. 282, PageID.1830.) MacGregor did not file a motion for reconsideration or appeal his sentence.

MacGregor now asks the Court to review the Government's failure to move for a downward departure under U.S.S.G. § 5K1.1. (*See* Mot., ECF No. 358.)  That, of course, is the same review that Judge Battani conducted when she sentenced him.

3

## II

Section 5K1.1 provides the Government with the discretion to request a downward departure from the Sentencing Guidelines where the "defendant has provided substantial assistance in the investigation or prosecution" of another. U.S.S.G. § 5K1.1.  Section 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992).  Districts courts "have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy" only "if they find that the refusal was based on an unconstitutional motive" such as the defendant's race or religion. *Id.* at 186; *see also Benjamin*, 138 F.3d at 1073.

MacGregor now argues for the first time – eight years after he was sentenced – that the Government's decision not to move for a downward departure was based on unconstitutional motivations.  MacGregor asserts that the Government violated his constitutional rights by "withholding its 5K1.1 motion arbitrarily and in bad faith" "because he is an African-American." (*See* Mot., ECF No. 358, PageID.2264.) As support for that contention, he says that he has encountered roughly twenty other inmates who have received sentence reductions for their substantial assistance under Section 5K1.1, and "the common nexus of all the people who received sentence reductions is that they were not African-American." (*Id.*, PageID.2254.)  He requests an evidentiary hearing be held on this matter. (*Id.*, PageID.2268.)

4

MacGregor has the burden of making a "substantial threshold showing" that the refusal to file a substantial-assistance motive is based on an unconstitutional motive. *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993) (citing *Wade*, 504 U.S. at 186); *United States v. Davenport*, 465 F. App'x 500, 503 (6th Cir. 2012). And he is entitled to a hearing on the matter only if he first makes that showing. *Bagnoli*, 7 F.3d at 92. "Mere allegations that a defendant provided substantial assistance are insufficient to invoke court review." *Hawkins*, 274 F.3d at 426. "Nor [are] additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186.

MacGregor's assertion that the inmates he has met who received reductions under Section 5K1.1 were not African American falls far short of a substantial showing that the Government withheld a motion under Section 5K1.1 in his case because he is African-American, and likewise is insufficient to entitle him to an evidentiary hearing. *See United States v. Lucas*, 7 F. App'x 412, 418 (6th Cir. 2001) (finding conclusory allegations in a brief that the defendant was African-American and the prosecutor was of a different race insufficient to make a substantial showing); *Michua-Martinez v. United States*, Nos. 3:03-cr-109, 3:07-cv-034, 2009 WL 3785758, at *3 (E.D. Tenn. Nov. 12, 2009) (the "suggestion, without any proof whatsoever, that the government's decision was based on [defendant's] race" is a "generalized allegation of improper motive" and consequently insufficient for

relief).  Simply put, MacGregor is not entitled to review of the Government's decision to withhold a motion under Section 5K1.1 or to an evidentiary hearing because he has not presented any evidence (or reasonable basis to believe) that the Government's decision had anything to do with his race.  MacGregor's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 27, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 27, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126